UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                     Criminal No. 18-CR-20615

vs.                                          HON. BERNARD A. FRIEDMAN

JAVAR CLARKE,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION TO DISMISS COUNT TWO OF THE INDICTMENT

This matter is presently before the Court on defendant's motion to dismiss Count Two of the indictment [docket entry 29]. The government has filed a response in opposition, and defendant has filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

Defendant in this matter is charged with three crimes. Count One of the indictment alleges that on August 30, 2018, defendant committed bank robbery, in violation of 18 U.S.C. § 2113(a),[1] when he "by force, violence, and intimidation did take money from the

---

[1] Section 2113(a) states:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such

person and presence of another belonging to . . . the Community Financial Credit Union" in Livonia, Michigan. Count Two alleges that defendant "did knowingly carry and brandish a firearm . . . during and in relation to a crime of violence . . . that is, Bank Robbery as alleged in Count One of this Indictment, in violation of Title 18 United States Code, Section 924(c)(1)(A)(ii)."[2] Count Three charges defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[3]

---

> savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

[2] Section 924(c)(1)(A) states:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> \*   \*   \*
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; . . . .

[3] Section 922(g) states:

> It shall be unlawful for any person–

Defendant argues that "the bank robbery charge (Count One) underlying the § 924(c) offense (Count Two) categorically fails to qualify as a crime of violence within the meaning of 18 U.S.C. § 924(c)(3)(A), and the residual clause of § 924(c)(3)(B)[4] is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019). Therefore, Count One does not state a predicate offense, and as a result Count Two must be dismissed." Def.'s Mot. to Dismiss at 1 (footnote added).

The Court finds no merit in defendant's argument. The fact that the Supreme Court in *Davis* invalidated the "residual clause," i.e., § 924(c)(3)(B), is irrelevant because the "elements clause," § 924(c)(3)(A), remains intact and is satisfied in this case. Bank robbery under § 2113(a) is a crime of violence under the elements clause because an element of this

---

> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> \* \* \*
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

[4] Section 924(c)(3) states:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and–
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

3

crime, as charged in this case, is "the use, attempted use, or threatened use of physical force." Defendant correctly notes that § 2113(a) can be violated in non-violent ways, as the Sixth Circuit noted in *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) (commenting that "[i]n addition to bank robbery, [§ 2113(a)] criminalizes 'enter[ing] or attempt[ing] to enter any bank . . . with intent to commit in such bank . . . any felony affecting such bank.' That language could certainly encompass many nonviolent felonies."). In this circumstance the statute is said to be "divisible," that is, it "comprises multiple, alternative versions of the crime." *Descamps v. United States*, 570 U.S. 254, 262 (2013). One must consult relevant documents, such as the indictment, plea agreement, or jury instructions, "to determine whether a particular § 2113(a) conviction qualifies as a crime of violence." *McBride*, 826 F.3d at 296.

Plainly, if defendant is convicted of violating § 2113(a) "by force, violence, and intimidation," as alleged in Count One, this will constitute a crime of violence under § 924(c)(1)(A), as alleged in Count Two. *See United States v. Sykes*, No. 20-1300, 2020 WL 2991351, at *1 (6th Cir. June 3, 2020); *Johnson v. United States*, No. 18-6080, 2019 WL 193916, at *2 (6th Cir. Jan. 4, 2019); *McBride*, 826 F.3d at 295-96; *Gonyea v. Terris*, No. 19-CV-11125, 2019 WL 5068455, at *2-3 (E.D. Mich. Oct. 9, 2019). Under these circumstances, there is no basis for Count Two to be dismissed at this stage of the proceedings. Accordingly,

      IT IS ORDERED that defendant's motion to dismiss Count Two of the indictment is denied.

                                                s/Bernard A. Friedman
                                                BERNARD A. FRIEDMAN
Dated: June 22, 2020                  SENIOR UNITED STATES DISTRICT JUDGE
      Detroit, Michigan