UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                       Criminal No. 18-CR-20615

vs.                                              HON. BERNARD A. FRIEDMAN

JAVAR CLARKE,

    Defendant.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR LEAVE TO SERVE RULE 17(C) SUBPOENA DUCES TECUM**

This matter is presently before the Court on defendant's motion for leave to serve a subpoena duces tecum pursuant to Fed. R. Crim. P. 17(c). (ECF No. 64). Defendant is charged with bank robbery and related firearm offenses in a three-count indictment. (ECF No. 9). In his motion, defendant seeks to subpoena the Milan Federal Detention Center ("Milan") in order to obtain certain phone records. For the following reasons, the Court shall deny the motion without prejudice.

    Rule 17(c)(1) provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

The Supreme Court has stated that in order to require pre-trial production of evidence pursuant to Rule 17(c), the moving party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is

made in good faith and is not intended as a general 'fishing expedition.'

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974). Rule 17(c)'s "chief innovation [is] to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *United States v. Warren*, 782 F. App'x 466, 472 (6th Cir. 2019).

In the instant motion, defendant requests a copy of "a phone conversation he engaged in with his children's mother, Tenisha Head, on September 7, 2021, for possible sentencing mitigation purposes if he is convicted of the charged offenses." (ECF No. 64, PageID.269). Defendant states that the phone records "go to the heart of [the] charges against [him, and] . . . contain background information which touch[es] upon the pending charges, [his] family history and responsibilities, as well as his emotional and mental health." (*Id.*, PageID.275). He adds that the phone conversation "contains a wealth of information which would be considered 3553(a) factors at sentencing." (*Id.*).

In response, the government states that it does not object to defendant's request, but defers to the Court's judgment as to whether defendant has satisfied the four-part test outlined in *Nixon*. (ECF No. 65, PageID.286). The government does, however, object to the form of the proposed subpoena, as contained in defendant's motion. (*Id.*, PageID.286-87). Specifically, the government contends that rather than directing Milan to send the materials to the Federal Community Defender's office, federal law and local rules require that the materials first be produced to the Court's chambers for inspection. (*Id.*, PageID.286). *See* Fed. R. Crim. P. 17(c)(1); ED Mich. LCrR 17.1(b) ("The subpoena must state that the requested items must be returned to the chambers of the assigned judge.").

The Court concludes that defendant has failed to show that pre-trial production

of the requested evidence is required in this case. Defendant argues that the phone records may provide critical mitigating evidence at sentencing. (ECF No. 64, PageID.272). However he has not shown, nor does he particularly argue, that the records are relevant to or would help expedite trial. Therefore, defendant's motion shall be denied without prejudice. If he is convicted of the charged offenses, defendant may renew this request. Accordingly,

IT IS ORDERED that defendant's motion for leave to serve a Rule 17(c) subpoena duces tecum is denied without prejudice.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated: May 9, 2022　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan